UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CARLUS L. HAYNES,   CASE NO.: _____

    Plaintiff,

vs.

CITY OF ORLANDO, MARTHA LEE LOMBARDY,
O'CONNOR and O'CONNOR, LLC, and DENNIS O'CONNOR

    Defendants.
_____/

## COMPLAINT

COMES NOW the Plaintiff, CARLUS L. HAYNES, (hereinafter "Plaintiff"), by and through his undersigned attorney and sues the Defendants, CITY OF ORLANDO, MARTHA LEE LOMBARDY, DENNIS O'CONNOR, and O'CONNOR and O'CONNOR, LLC, and alleges the following:

1. This action is to recover compensatory damages in excess of the jurisdictional limit of this Court for violation of 42 U.S.C. §1983 *et seq.* against Defendants for deprivation of rights, privileges and immunities secured by the federal and state Constitutions and of the federal and state laws under color of the state.

2. The said violations of Defendants' federal rights, privileges, and immunities include, without limitation, one or more of the following, as more fully detailed below:

   a. The Fourteenth Amendment of the United States Constitution (rights to be free from state actors' deprivation of life, liberty, or property without due process of law; right to equal protection).

   b. The Seventh Amendment of the United States Constitution (In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States,

1

than according to the rules of the common law).

3. The said violations further included the following state rights, privileges and immunities, which are actionable in this case pursuant to the Fourteenth Amendment of the United States Constitution.

   a. Article 1, Section 2 of the Florida Constitution-All natural persons, female and male alike, are equal before the law and have inalienable rights, among which are the right to enjoy and defend life and liberty, to pursue happiness, to be rewarded for industry, and to acquire, possess and protect property. No person shall be deprived of any right because of race, religion, national origin, or physical disability.

   b. Article 1, section 22 of the Florida Constitution-The right of trial by jury shall be secure to all and remain inviolate. The qualifications and the number of jurors, not fewer than six, shall be fixed by law.

## PARTIES

4. Defendant City of Orlando is a municipality on Orange County, Florida that employs more than 15 employees and therefore, by definition, is an employer pursuant to Title VII Florida Civil Rights Act. The City of Orlando is and was a "person" as envisioned by 42 U.S.C §1983. At all times, the City of Orlando acted toward Plaintiffs under the color of law

5. Defendant Martha Lee Lombardy is and was the assistant city attorney for the City of Orlando at all relevant times. As assistant city attorney, Martha Lee Lombardy provides legal counsel and representation to the city, city departments, mayor, city-appointed boards and commissions in any lawsuit, action or proceeding filed by or against them.

6. The City retains the services of O'CONNOR and O'CONNOR, LLC for representation in a large number of their civil cases

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter and the persons in this action pursuant to 42 U.S.C. §1983, Fourteenth Amendment of the United States Constitution

8. Venue is this court is proper under 28 U.S.C. §1391.

**FACTS**

9. The City of Orlando, Assistant City Attorney Martha Lee Lombardy, Dennis O'Connor, and O'Connor and O'Connor, LLC by and through attorney Dennis O'Connor, were all part of a conspiracy to violate Plaintiffs' civil rights during jury selection in the trial of *Carlus Haynes v. City of Orlando, Orange County*, Florida Circuit Court Case No. 2014-CA-10413 on November 13, 2017. After a jury came back with a defense verdict against Plaintiff, Circuit Court Judge Renee Roach granted Plaintiff's Motion for New Trial based upon discriminatory tactics employed by Dennis O'Connor during jury selection.

10. The actions taken by the Defendants in concert led to the deprivation of Plaintiff's rights, privileges and immunities secured by the federal and state Constitutions and of the federal and state law, all under the color of state law

11. Specifically, the Plaintiff was denied a fair civil trial by a jury of his peers as guaranteed by both the Florida and United States Constitutions.

12. Prior to trial, both Mr. O'Connor and Mrs. Lombardy strategized together to eliminate African American Jurors from the jury where both the Plaintiff, Mr. Carlus Haynes and his attorney, Mr. Bradley Laurent were African Americans. They employed this plan by using preemptory challenges in a discriminatory way, to strike African Americans from the venire.

13. The Fifth District Court of Appeal affirmed the lower court's decision and ordered a new trial.

14. The City knows or should have known of Mr. Dennis O'Connor's surreptitious and scrupulous tactics at trial, including striking African Americans based on race.

15. At all times, Martha Lee Lombardy, counseled, advised and defended the City of Orlando when representing the City of Orlando in Plaintiff's claim against the city and intentionally and knowingly advised an illegal course of action during jury selection in Plaintiff's cause of action.

16. That Mrs. Lombardy actively participated in the jury selection processes and agreed to the discriminatory striking of two African American jurors based on race.

17. Counsel Lombardy, on behalf of the City, also defended Mr. O'Connor's actions at the hearing on the motion for new trial.

18. The City of Orlando filed an appeal in 5D18-953 contesting the Honorable Judge Renee Roach ruling granting the motion for new trial, in an attempt to further cause deprivation of Mr. Haynes' Constitutional rights.

19. Therefore, Martha Lee Lombardy, acted under color of law as a willful participant in joint action with the City of Orlando by knowingly and intentionally excluding African American Prospective juror from the panel without a genuine race neutral reason for doing so, in violation of Mr. Plaintiff's right to have his case adjudged by a jury of his peers.

20. Therefore, the City of Orlando, acted under color of law as a willful participant in joint action with the City of Orlando by knowingly and intentionally excluding African American Prospective juror from the panel without a genuine race neutral reason for doing so, in violation of Mr. Plaintiff's right to have his case adjudged by a jury of his peers

21. At all relevant times material hereto, Defendant, O'CONNOR and O'CONNOR, LLC, was a limited liability litigation firm doing business within the State of Florida, with a principal place of business at 800 N. Magnolia Avenue, Suite 1350, Orlando, Orange County, Florida, that was retained by Defendant, CITY OF ORLANDO, in *Carlus Haynes v. City*

*of Orlando,* Case No. 2014-CA-10413.

22. O'CONNOR and O'CONNOR, LLC, a firm that has a high rate of defense work for City of Orlando, and although a private entity, commonly performs a public function when it defends the City of Orlando in causes of action much like the Plaintiff's cause of action and participates in the jury selection process.

23. Attorney Dennis O'Connor is a lawyer licensed by the Florida Bar, and a partner at O'CONNOR and O'CONNOR, LLC. Dennis O'Connor has conducted many trials as counsel for the City of Orlando.

24. In conducting jury selection as part of representing the CITY, lawyers for O'CONNOR and O'CONNOR, LLC, and Mr. Dennis O'Connor are operating as state actors.

25. In using a peremptory challenge in jury selection, a well-known public function, they are performing a traditional state function.

26. At all times, Dennis O'Connor as a partner of O'Connor and O'Connor, LLC, counseled and advised the City of Orlando when defending Plaintiff's claim (as well as all the numerous claims in which it defends the City of Orlando) including jury selection strategy in *Carlus Haynes v. City of Orlando,* Case No. 2014-CA-10413.

27. Dennis O'Connor, LLC, intentionally and knowingly advised an illegal course of action during jury selection in Plaintiff's cause of action to strike African American prospective jurors based on race.

28. Therefore, Dennis O'Connor, acted under color of law as a willful participant in joint action with the City of Orlando and Martha Lee Lombardy by knowingly and intentionally excluding African American Prospective juror from the panel without a genuine race neutral reason for doing so, in violation of Mr. Hayne's right to have his case adjudged by

a jury of his peers.

29. Therefore, O'Connor and O'Connor, LLC, by and through partner Dennis O'Connor, acted under color of law as a willful participant in joint action with the City of Orlando and Martha Lombardy to knowingly and intentionally exclude African American Prospective juror from the panel without a genuine race neutral reason for doing so, in violation of Mr. Hayne's right to have his case adjudged by a jury of his peers.

30. At all relevant times material hereto, Plaintiff, CARLUS L. HAYNES, was an individual who resided at 6056 Chapledale Drive, Orlando, Florida 32829, who pursued a cause of action against the City of Orlando.

31. On or about November 13, 2017, during jury selection in *Carlus Haynes v. City of Orlando*, Case No. 2014-CA-10413-O, counsel for Defendant, Dennis O'Connor, and MARTHA LEE LOMBARDY, used preemptory challenges to strike African American females who were of a similar age and similar occupation as Caucasian females that the Mr. O'Connor and Mrs. Lombardy accepted on behalf of the City.

32. Mr. O'Connor, used the City's first peremptory challenge on "**prospective juror #1**" who was a Black female, born on 12-25-1956 which made her only two years older than the Caucasian female "**prospective juror #2**" whom the Defense accepted.

33. Then, Mr. O'Connor used the City's second peremptory challenge to strike "**prospective juror #10**" the other African American in the jury pool used a preemptory challenge to strike an African-American female, born in 1948 who was also employed by Loews hotel as a housekeeper. At this time, Plaintiff's counsel objected, seeing an obvious pattern, and requested a race neutral reason from Mr. O'Connor for the strike.

34. The trial court requested that Mr. O'Connor provide a race neutral reason for the challenge at which time he stated on at least three separate occasions that the juror's age caused him concern.

35. During the colloquy between counsel and the trial court, the judge admonished counsel that she could not allow him to use an "age discriminatory reason" to establish a "race-neutral" reason.

36. Then counsel added that the juror's occupation was problematic in that this case involved a "back injury" and **prospective juror #10** would be more sympathetic to the Plaintiff. In addition, Mr. O'Connor attempted to use his "experience" as a basis for the challenge and asked the Court to accept these latter reasons as a race neutral reason to permit the challenge.

37. The trial court still expressed concern it gave Plaintiff's counsel a chance to respond. It was noted that "**prospective juror #2**" who had been accepted by the Defense was retired and had a similar occupation in that she was a "server" for Marriott hotels. The trial court did not find the argument persuasive and indicated that it had to accept Mr. O'Connor's representation at face value.

38. Counsel then argued that the proffered reason was not "genuine" where the "reasons" provided by Dennis O'Connor had changed. The trial court accepted the reason and stated that if it was wrong, then the Plaintiff had a good issue for appeal.

39. "**Prospective juror #5**" was also accepted by the Defense who while being a retire nurse (different occupation), was born 10-15-1954, making her only her six years younger than **#10**, which really sheds light on the lack of genuineness of Mr. O'Connor's strike.

40. Trial commenced on November 13, 2017 and the jury returned a verdict in favor of the City on November 14, 2017.

41. On November 22, 2017, Plaintiff filed a Motion for a New Trial.

42. Plaintiff's Motion for New Trial was heard on February 23, 2018.  There Mrs. Lee Lombardy argued that the City and Mr. O'Connor had not been discriminatory in striking African Americans where they accepted prospective (#5), Norma *Quiles Vasquez* who was Hispanic.

43. Much like Mr. O'Connor had previous, Mrs. Lombardy tried to argue that Mr. O'Connor should be given the benefit of the doubt based on his experience, when striking jurors.

44. In rejecting the City's contentions, the trial court granted Plaintiff's Motion for New Trial on February 27, 2018.

45. O'Connor and O'Connor, LLC, by and through attorney Derek J. Angell 0073449, filed a Motion for Reconsideration on March 2, 2018 that was promptly denied on March 20, 2018 by Judge Renee Roach.

46. Defendant, O'Connor and O'Connor, LLC, by and through attorney Derek J. Angell, filed a Notice of Appeal on behalf of the City of Orlando on March 26, 2018 still contesting the granting of the motion for new trial and continuing support their discriminatory practice in the jury selection process.

47. Defendant/Appellant City of Orlando filed its initial brief on June 15, 2018.  The Appellee/Plaintiff's Answer Brief was filed on July 15, 2018.  Defendant/Appellant City of Orlando Reply Brief was filed August 23, 2018.

48. On February 5, 2019, the Fifth District Court of Appeal affirmed the lower court's decision ordering a new trial.  On February 25, 2019, the Fifth District Court of Appeal issued its

Mandate.

49. *Carlus Haynes v. City of Orlando*, Case No. 2014-CA-10413-O, was re-noticed for trial.

**CAUSES OF ACTION**
**FEDERAL CONSTITUTIONAL CLAIMS**
**COUNT I**
**PLAINTIFF'S CLAIM OF VIOLATION OF CONSTITUTIONAL RIGHTS OF DUE PROCESS AND EQUAL PROTECTION PURSUANT TO 42 U.S.C §1983 AGAINST CITY OF ORLANDO**

50. The Plaintiff hereby realleges and adopts paragraphs 1-49.

51. This is an action by Plaintiff against City of Orlando to redress the deprivation, under the color of state law, statute, custom or usage, of rights, privileges, and immunities secured by Plaintiff by the Constitution and the laws of the United States, the Florida Constitution and the laws of the state of Florida, for deprivation his constitutional rights.

52. The Equal Protection Clause of the U.S. Constitution prohibits discrimination in jury selection. City of Orlando by and through Martha Lee Lombardy and Dennis O'Connor actions violated the Plaintiffs rights under the U.S. Constitution.

53. The City of Orlando knowingly through its agents Martha Lee Lombardy and Dennis O'Connor prevented Carlus Haynes from having a fair civil jury trial as guaranteed by the 7th amendment by and through the 14th Amendment by allowing its agents to intentionally strike African American jurors, based on race.

54. As a direct, natural, foreseeable and proximate result of the actions of Defendant City of Orlando, Plaintiff suffered injuries and losses including violation of his constitutional rights, mental pain and suffering and emotional distress, attorney's fees and costs, and of which are continuing and permanent in nature.

WHEREFORE, Plaintiff, CARLUS HAYNES, prays that this court will enter judgment for Plaintiff and against Defendant named in this Count for compensatory damages; award Plaintiff

the costs of this action, including reasonable attorneys' fees pursuant to 42 U.S.C. §1988; and grant such other and relief as is just.

## COUNT II
## PLAINTIFF'S CLAIM OF VIOLATION OF CONSTITUTIONAL RIGHTS OF DUE PROCESS AND EQUAL PROTECTION PURSUANT TO 42 U.S.C §1983 AGAINST MARTHA LEE LOMBARDY

55. The Plaintiff hereby realleges and adopts paragraphs 1-49.

56. This is an action by Plaintiff against Martha Lee Lombardy to redress the deprivation, under the color of state law, statute, custom or usage, of rights, privileges, and immunities secured by Plaintiff by the Constitution and the laws of the United States, the Florida Constitution and the laws of the state of Florida, for deprivation his constitutional rights.

57. The Equal Protection Clause of the U.S. Constitution prohibits discrimination in jury selection. Martha Lee Lombardy, through her actions, violated the U.S. Constitution.

58. Martha Lee Lombardy knowingly participated in the constitutional violations and caused the constitutional violations to occur by intentionally striking African American jurors, based on race, to prevent Carlus Haynes from having a fair civil jury trial as guaranteed by the 7th amendment by and through the 14th Amendment.

59. As a direct, natural, foreseeable and proximate result of the actions of Defendant Martha Lee Lombardy, Plaintiff suffered injuries and losses including violation of his constitutional rights, mental pain and suffering and emotional distress, attorney's fees and costs, and of which are continuing and permanent in nature.

WHEREFORE, Plaintiff, CARLUS HAYNES, prays that this court will enter judgment for Plaintiff and against Defendant named in this Count for compensatory damages, nominal damages; punitive damages and award Plaintiff the costs of this action, including reasonable attorneys' fees pursuant to 42 U.S.C. §1988; and grant such other and relief as is just.

**COUNT III**
**PLAINTIFF'S CLAIM OF VIOLATION OF CONSTITUTIONAL RIGHTS OF DUE PROCESS AND EQUAL PROTECTION PURSUANT TO 42 U.S.C §1983 AGAINST O'CONNOR and O'CONNOR, LLC**

60. The Plaintiff hereby realleges and adopts paragraphs 1-49.

61. This is an action by Plaintiff against O'Connor and O'Connor, LLC to redress the deprivation, under the color of state law, statute, custom or usage, of rights, privileges, and immunities secured by Plaintiff by the Constitution and the laws of the United States, the Florida Constitution and the laws of the state of Florida, for deprivation of his constitutional rights.

62. That O'Connor and O'Connor, LLC were retained to represent a state entity through its agent Dennis O'Conner.

63. The Equal Protection Clause of the U.S. Constitution prohibits discrimination in jury selection. O'Connor and O'Connor, LLC by and through its agent Dennis O'Connor actions violated the Plaintiffs rights under the U.S. Constitution.

64. O'Connor and O'Connor, LLC through its agent Dennis O'Conner prevented Carlus Haynes from having a fair civil jury trial as guaranteed by the 7th amendment by and through the 14th Amendment by allowing its agents to intentionally strike African American jurors, based on race.

65. As a direct, natural, foreseeable and proximate result of the actions of Defendant O'Connor and O'Connor, LLC, Plaintiff suffered injuries and losses including violation of his constitutional rights, mental pain and suffering and emotional distress, attorney's fees and costs, and of which are continuing and permanent in nature.

WHEREFORE, Plaintiff, CARLUS HAYNES, prays that this court will enter judgment

for Plaintiff and against Defendant named in this Count for compensatory damages; nominal damages; punitive damages and award Plaintiff the costs of this action; including reasonable attorneys' fees pursuant to 42 U.S.C. §1988; and grant such other and relief as is just.

### COUNT IV
### PLAINTIFF'S CLAIM OF VIOLATION OF CONSTITUTIONAL RIGHTS OF DUE PROCESS AND EQUAL PROTECTION PURSUANT TO 42 U.S.C §1983 AGAINST DENNIS O'CONNOR

66. The Plaintiff hereby realleges and adopts paragraphs 1-49.

67. This is an action by Plaintiff against Dennis O'Connor to redress the deprivation, under the color of state law, statute, custom or usage, of rights, privileges, and immunities secured by Plaintiff by the Constitution and the laws of the United States, the Florida Constitution and the laws of the state of Florida, for deprivation of his constitutional rights.

68. The Equal Protection Clause of the U.S. Constitution prohibits discrimination in jury selection. Dennis O'Connor, through his actions, violated the U.S. Constitution.

69. Dennis O'Connor knowingly participated in the constitutional violations and caused the constitutional violations to occur by intentionally striking African American jurors, based on race, to prevent Carlus Haynes from having a fair civil jury trial as guaranteed by the 7th amendment by and through the 14th Amendment.

70. As a direct, natural, foreseeable and proximate result of the actions of Defendant, Dennis O'Connor, Plaintiff suffered injuries and losses including violation of his constitutional rights, mental pain and suffering and emotional distress, attorney's fees and costs, and of which are continuing and permanent in nature.

WHEREFORE, Plaintiff, CARLUS HAYNES, prays that this court will enter judgment for Plaintiff and against Defendant named in this Count for compensatory damages; nominal

damages; punitive damages and award Plaintiff the costs of this action; including reasonable attorneys' fees pursuant to 42 U.S.C. §1988; and grant such other and relief as is just.

### COUNT V
### PLAINTIFF'S CLAIM OF VIOLATION OF CONSTITUTIONAL RIGHTS OF DUE PROCESS AND EQUAL PROTECTION CLAUSE PURSUANT TO 42 U.S.C. § 1983
(CONSPIRACY AGAINST DENNIS O'CONNOR)

71. The Plaintiff hereby realleges and adopts paragraphs 1-49.

72. Defendant, Dennis O'Connor conspired with Martha Lee Lombardy by knowingly acting in concert and conspiring to have African American prospective jurors dismissed based on race during the jury selection process in direct violation of the Fourteenth Amendment Due Process and the Equal Protection Clauses in order prevent Mr. Haynes from having a fair jury trial and to prevent Mr. Haynes from being judged by a fair jury of his peers.

73. Defendant, Dennis O'Connor knowingly conspired with Martha Lee Lombardy to have African American prospective jurors dismissed based on race during the jury selection process in direct violation of the Fourteenth Amendment Due Process and the Equal Protection Clauses in order to treat Mr. Haynes and the African American stricken jurors differently because of their race.

74. Defendant, Dennis O'Connor conspired and acted in concert with Martha Lee Lombardy to cause a deprivation of Plaintiff's rights privileges and immunities secured by the federal and state Constitutions and the federal and state laws under the color of law.

75. DENNIS O'CONNOR conspired with MARTHA LEE LOMBARDY to execute an overt action in pursuance of said conspiracy when they knowingly and intentionally struck African American jurors based on race, which was a blatant violation of Plaintiff's due process and equal protection guaranteed under the Fourteenth Amendment of the United

States Constitution.

76. As a direct and proximate result of DENNIS O'CONNOR actions, CARLUS L. HAYNES, has suffered damages and will also continue to suffer damages in the future.

WHEREFORE, Plaintiff CARLUS L. HAYNES, demands judgment against Defendant DENNIS O'CONNOR, for actual and compensatory damages, punitive damages, costs, attorney's fees, and such other relief as this Court deems just and proper and further demands a trial by jury.

### COUNT VI
### PLAINTIFF'S CLAIM OF VIOLATION OF CONSTITUTIONAL RIGHTS OF DUE PROCESS AND EQUAL PROTECTION CLAUSE PURSUANT TO 42 U.S.C. § 1983
(CONSPIRACY AGAINST MARTHA LEE LOMBARDY)

77. The Plaintiff hereby realleges and adopts paragraphs 1-49.

78. Defendant, Martha Lee Lombardy conspired with Dennis O'Connor by knowingly acting in concert and conspiring to have African American prospective jurors dismissed based on race during the jury selection process in direct violation of the Fourteenth Amendment Due Process and the Equal Protection Clauses in order prevent Mr. Haynes from having a fair jury trial and to prevent Mr. Haynes from being judged by a fair jury of his peers.

79. Defendant, Martha Lee Lombardy knowingly conspired with Dennis O'Connor to have African American prospective jurors dismissed based on race during the jury selection process in direct violation of the Fourteenth Amendment Due Process and the Equal Protection Clauses in order to treat Mr. Haynes and the African American stricken jurors differently because of their race.

80. Defendant, Martha Lee Lombardy conspired and acted in concert with Dennis O'Connor to cause a deprivation of Plaintiff's rights privileges and immunities secured by the federal and state Constitutions and the federal and state laws under the color of law.

81. MARTHA LEE LOMBARDY conspired with DENNIS O'CONNOR to execute an overt

action in pursuance of said conspiracy when they knowingly and intentionally struck African American jurors based on race, which was a blatant violation of Plaintiff's due process and equal protection guaranteed under the Fourteenth Amendment of the United States Constitution.

82. As a direct and proximate result of MARTHA LEE LOMBARDY actions, CARLUS L. HAYNES, has suffered damages and will also continue to suffer damages in the future.

WHEREFORE, Plaintiff CARLUS L. HAYNES, demands judgment against Defendant MARTHA LEE LOMBARDY, for actual and compensatory damages, punitive damages, costs, attorney's fees, and such other relief as this Court deems just and proper and further demands a trial by jury.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED this 18th day of February 2022.

                                          */s/ Carlus Haynes*
                                CARLUS L. HAYNES, ESQUIRE
                                Florida Bar Number: 0935611
                                Law Office of Haynes and Laurent, P.A.
                                8615 Commodity Circle, Unit 6
                                Tele:   (407) 246-0077
                                Fax:    (407) 246-0078
                                Attorney for PLAINTIFF
                                Email:  champ@fighting4ulaw.com