UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CARLUS L. HAYNES,

    Plaintiff,

v.                                                                                          Case No. 6:22-cv-372-RBD-EJK

CITY OF ORLANDO; MARTHA LEE
LOMBARDY; O'CONNOR AND
O'CONNOR, LLC; and DENNIS
O'CONNOR,

    Defendants.
_____

## ORDER

Before the Court are:

1. Defendants' Motion to Dismiss and/or Motion For Summary Judgment (Doc. 12 ("Motion")); and

2. Plaintiff, Carlus L. Haynes Response in Opposition to Defendants, City of Orlando, Martha Lee Lombardy, O'Connor and O'Connor, LLC, and Dennis O'Connor Motion to Dismiss (Doc. 15).

The Motion is due to be granted.

## BACKGROUND[1]

Plaintiff, a local African American attorney, sued the City of Orlando in state court after a car accident. (Doc. 1, ¶¶ 12, 30; Doc. 12, ¶ 1.) In 2017, the case went to trial, during which Plaintiff alleges that the City and its attorneys conspired to use peremptory challenges unconstitutionally by striking African American jurors without a genuine race-neutral reason over his objection. (Doc. 1, ¶¶ 9, 12, 19, 31–40.) The jury returned a verdict for Defendants, so Plaintiff moved for a new trial, alleging the strikes were unconstitutional. (*Id.* ¶¶ 9, 40–41.) The judge then agreed and granted the motion for a new trial, which the Fifth District Court of Appeal affirmed. (*Id.* ¶¶ 17, 18, 42–48.)

Five years after the trial, Plaintiff now brings 42 U.S.C. § 1983 claims against the City and its attorneys for violating his due process and equal protection rights. (*Id.* ¶¶ 50–82.) Defendants move to dismiss the Complaint and Plaintiff opposes. (Docs. 12, 15.) The matter is ripe.

## STANDARDS

A plaintiff must plead "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). On a motion to dismiss under Rule 12(b)(6), the Court limits its consideration to "the well-pleaded factual allegations." *La Grasta v. First Union*

---

[1] The factual allegations in the Complaint are taken as true for the purposes of the Motion and presented in the light most favorable to Plaintiff. *See Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

*Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). The factual allegations must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must accept the factual allegations as true and construe them "in the light most favorable" to the plaintiff. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009).

## ANALYSIS

Defendants argue that Plaintiff's claims are barred by the statute of limitations because the peremptory strikes occurred in 2017, so that is when the cause of action accrued. (Doc. 12, pp. 6–7.) The Court agrees.[2]

"[D]ismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." *La Grasta*, 358 F.3d at 845 (cleaned up). A § 1983 action brought in Florida has a four-year statute of limitations. *See Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003). The length of the limitations period is governed by state law, whereas when a § 1983 action accrues "is a question of federal law." *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987) (cleaned up). The statute of limitations does not begin to run "until the plaintiff knows or has reason to know that he has been injured" and "is aware or should have been aware who has inflicted the injury." *Id.* In other words,

---

[2] Because Plaintiff's claims are barred by the statute of limitations, the Court does not address other arguments raised in the Motion regarding the merits of these claims.

accrual occurs "when the plaintiff has a complete and present cause of action." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (cleaned up).

Here, that the causes of action accrued in 2017 is apparent from the face of the Complaint, as Defendants allegedly struck jurors unconstitutionally during the state court trial. (Doc. 1, ¶ 33.) Plaintiff objected multiple times to the striking of the jurors, seeking a race-neutral reason first and then objecting again when the judge accepted Defendants' proffered reasons—evincing his knowledge of the injury. (*See id.* ¶ 38); *McGinley v. Mauriello*, 682 F. App'x 868, 871 (11th Cir. 2017). So by the end of jury selection in 2017, Plaintiff—an attorney himself—knew or certainly had reason to know[3] that he had been injured and who inflicted the injury. *See Mullinax*, 817 F.2d at 716. In fact, Plaintiff moved for a new trial on this ground, further supporting that he knew long ago[4] the facts giving rise to the violation. (*See* Doc. 1, ¶ 41); *Height v. Olens*, 736 F. App'x 249, 250 (11th Cir. 2018). So there is no question that the cause of action accrued not in 2019 post-appeal, as Plaintiff argues, but rather in 2017, when Plaintiff had a "complete and present cause of action." *Wallace*, 549 U.S. at 388; *see Sneed v. Pan Am. Hosp.*, 370 F. App'x 47, 49 (11th Cir. 2010). As such, given the four-year limitations period for these

---

[3] Plaintiff's argument that he only had a "belief" his rights were violated (Doc. 15, p. 9) is inapposite, as the alleged violation was "apparent to a person with a reasonably prudent regard for his rights." *Brown v. Georgia Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003).

[4] Plaintiff cited an out-of-circuit case that is also inapposite, as it dealt with a plaintiff who was completely unaware that his rights were violated until later, which is not the case here. (*See* Doc. 1, ¶¶ 33, 38); *Basemore v. Abraham*, No. 05-820, 2006 WL 120035, at *1 (E.D. Pa. Jan. 11, 2006).

4

claims, it is clear from the face of his Complaint that Plaintiff's five-year-old claims are time-barred. *See Chappell*, 340 F.3d at 1283; *La Grasta*, 358 F.3d at 845.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Motion (Doc. 12) is **GRANTED**. The Complaint (Doc. 1, ¶¶ 50–82) is **DISMISSED WITH PREJUDICE**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 1, 2022.

ROY B. DALTON JR.
United States District Judge